IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 12-cv-01993-WYD-CBS
  (consolidated with 12-cv-01994-WYD-CBS)

SIR MARIO OWENS,

   Plaintiff,

v.

OFFICE OF THE DISTRICT ATTORNEY FOR THE EIGHTEENTH JUDICIAL DISTRICT;
CAROL CHAMBERS, District Attorney;
ANN TOMSIC;
EMILY WARREN;
JOHN HOWER, Deputy District Attorneys;
OFFICE OF THE COLORADO ATTORNEY GENERAL;
JOHN SUTHERS, Attorney General;
MATTHEW DURKIN;
DANIEL EDWARDS, Assistant Attorneys General and Special Deputy District Attorneys;
JAMES A. CASTLE;
JENNIFER L. GEDDE;
JONATHAN REPPUCCI; and
C. KEITH POPE, Office of Alternate Defense Counsel-appointed contract attorneys,

   Defendants.

# ORDER

THIS MATTER is before the Court on Plaintiff's Unopposed Motions to Consolidate Cases filed in this case and the related case of *In Re People v. Sir Mario Owens*, Civil Action No. 12-cv-01994-WYD-CBS that was transferred to me by Judge Krieger. The motions seek to consolidate the two cases.

Fed. R. Civ. P.42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or

all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Consolidation is within the discretion of the trial court. *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).

Upon review of the files, I find that the two cases involve common questions of law and fact regarding challenges to the constitutionality of the so-called unitary review statute, or URS, insofar as the statute (a) requires that postconviction counsel assert in postconviction proceedings all claims for relief the defendant may have, including ineffective assistance of counsel claims, and that any unasserted claim is waived; (b) mandates that the assertion of any ineffective assistance of counsel claim automatically waives any privilege, immunity or confidence ("privileged information") held by the defendant or his trial counsel relating to the claim, and requires production of such privileged information to the government; and (c) mandates such waiver notwithstanding that disclosure of the privileged information to the government would do serious harm to the direct appeal. Both cases were filed because post-conviction counsel for Plaintiff have obtained or are about to obtain privileged information from trial counsel under the URS and intend to disclose portions of that privileged information to the government. Direct appeal counsel in this case and trial counsel in 12-cv-01994 object to the proposed disclosure of privileged information, and seek a determination that to the extent the URS requires disclosure of privileged information without Mr. Owens's informed consent, it is unconstitutional. Under these circumstances, I find that the two cases should be consolidated. It is therefore

Case 1:12-cv-01994-WYD-CBS   Document 30   Filed 08/23/12   USDC Colorado   Page 3 of 3

ORDERED that Plaintiff's Unopposed Motions to Consolidate Cases filed in this case on August 13, 2011 (ECF No. 13) and in 12-cv-01994-WYD-CBS on August 14, 2012 (ECF No. 18) are **GRANTED**.  *In Re Sir Mario Owens,* Civil Action No. 12-cv-01994-WYD, shall be consolidated with this case for all further purposes.  It is

FURTHER ORDERED that the Clerk of Court shall docket this Order in Civil Action No. 12-cv-01994.  Finally, it is

ORDERED that as of the date of this Order, all pleadings and other filings shall be filed in this case only, using the caption appearing in this Order.

Dated:  August 23, 2012

                                     BY THE COURT:

                                     s/ Wiley Y. Daniel
                                     Wiley Y. Daniel
                                     Chief United States District Judge